JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Dominique Diorio, Administratrix of Estate of Joseph Diorio

**DEFENDANTS**
Superintendent Laurel Harry, Deputy Superintendent Shawn Kephart, Deputy Superintendent Barry Smith, Unknown Camp Hill State Correctional Officers

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cumberland County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph S. Oxman, Esquire
111 S. Independence Mall E., Suite 740
Philadelphia, PA 19106 - (215) 665-9999

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  | ☐ 791 Employee Retirement Income Security Act |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. Section 1983 - Civil Rights
Brief description of cause:
Civil Rights

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/13/2016
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| DOMINIQUE DIORIO<br>(Administratix of the Estate of Joseph Diorio)<br>2317 s. Croskey Street<br>Philadelphia, PA. 19145<br>　　　　　　　Plaintiff,<br>　vs.<br><br>Superintendent Laurel Harry,<br>Deputy Superintendent Shawn Kephart,<br>Deputy Superintendent Barry Smith,<br>　　　　　　　and<br>UNKNOWN CAMP HILL STATE<br>CORRECTIONAL OFFICERS<br>　　　　　　　Defendants, | :<br>:<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　　commonly referred to as complex and that need special or intense management by
　　　the court. (See reverse side of this form for a detailed explanation of special
　　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　　　(x)

| | | |
|---|---|---|
| _05/10/2016_ | Joseph S. Oxman, Esquire | Dominique Diorio, Administratrix, et al |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| | | |
| (215) 665-9999 | (215) 569-8811 | Oxmanj@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2317 S. Croskey Street, Philadelphia, Pennsylvania 19145

Address of Defendant: 2500 Lisburn Rd, Camp Hill, Pennsylvania 17011

Place of Accident, Incident or Transaction: Camp Hill State Correctional Facility
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Joseph S. Oxman, Esquire _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 05/13/2016  _____  207956
Attorney-at-Law  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/13/2016  _____  207956
Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

| | |
|---|---|
| **OXMAN GOODSTADT KURITZ PC** | Attorney for Plaintiff |
| **BY: JOSEPH OXMAN, ESQUIRE** | |
| **IDENTIFICATION NO: 207956** | |
| The Bourse Building, Suite 740 | |
| 111 South Independence Mall East | |
| Philadelphia PA  19106 | |
| 215-665-9999 | |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOMINIQUE DIORIO                                               :
(Administratix of the Estate of Joseph Diorio)                 :
2317 s. Croskey Street                                         :
Philadelphia, PA. 19145                                        :
        Plaintiff,     :    JURY TRIAL DEMANDED
  vs.                                                 :
                                                               :
SUPERINTENDENT LAUREL HARRY,                                   :
DEPUTY SUPERINTENDENT SHAWN KEPHART,                           :
DEPUTY SUPERINTENDENT BARRY SMITH,                             :
    and                                     :
UNKNOWN CAMP HILL STATE                                        :
CORRECTIONAL OFFICERS                                          :
        Defendants,    :

Plaintiff, Dominique Diorio, Administratrix of the Estate of Joseph Diorio, by way of Complaint against defendants says:

### PARTIES

1. Plaintiff, Dominique Diorio, is an individual and a citizen of the Commonwealth of Pennsylvania residing at the above mentioned address.  She was the wife of the decedent, Joseph Diorio, and was appointed administratrix of the estate of Joseph Diorio by the Philadelphia County Register of Wills on May 5, 2016.  Hereinafter, plaintiff, Dominique Diorio, Administratrix, shall be referred to as "Administratrix".  Herein after the decedent, Joseph Diorio shall be referred to as "Diorio".

2. Defendant, Superintendent Laurel Harry, is and was at all times relevant hereto, an employee of the State of Pennsylvania working as the Superintendent of SCI Camp Hill. Hereinafter, Defendant, Superintendent Laurel Harry shall be referred to as "Harry."

3. Defendant, Deputy Superintendent Shawn Kephart, is and was at all times relevant hereto, an employee of the State of Pennsylvania working as a Deputy Superintendent of SCI Camp Hill. Hereinafter, Defendant, Shawn Kephart shall be referred to as "Kephart."

4. Defendant, Superintendent Barry Smith, is and was at all times relevant hereto, an employee of the State of Pennsylvania working as a Deputy Superintendent of SCI Camp Hill. Hereinafter, Defendant, Barry Smith shall be referred to as "Smith."

5. Defendants, Unknown Correctional Officers, are and were at all times relevant hereto, an employees of the State of Pennsylvania working as correctional officers at SCI Camp Hill. Hereinafter, referred to as "Officers"

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this lawsuit because the action arises under the Laws and Constitution of the United States, in particular the Eighth Amendment and 42 U.S.C.A. § 1983. Diorio, was deprived of his rights not to be subjected to cruel and unusual punishment and while being subjected to these violations he suffered and sustained severe injuries and death.

7. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's, claims arising under State law, including but not limited to violations of Diorio's

      State Constitutional rights against defendants for, conspiracy, cruel and unusual punishment, deliberate indifference and willful misconduct because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the claims at issue arose in this judicial district.

## GENERAL ALLEGATIONS AGAINST DEFENDANTS

9. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

10. On May 14, 2013, Diorio was an inmate at the State Correctional Institute, Camp Hill.

11. During his incarceration, Diorio believed that other inmates "labeled" him a "snitch" because of his relationship with his brother, Michael Diorio.

12. At some time prior to May 14, 2013, Michael Diorio was also an inmate in the Pennsylvania State Prison System.

13. While an inmate, Michael Diorio was a cell mate of Felix Summer who was serving time for murder.

14. Michael Diorio learned from Summer, that Summer was additionally involved in several other murders that were never investigated by police authorities.

15. At some point during his incarceration, Michael Diorio told prison officials about Summer's confession of additional murders.

16. Eventually, word of Michael Diorio's "snitching" with regard to his cellmate Felix Summer, became widely known among the State Prison system including inmates and correctional officers.

17. Because of Diorio's relationship to his brother Michael, Diorio became the target of numerous death threats by other inmates at Camp Hill State Prison.

18. Diorio told prison officials, including the above mentioned defendants, and other correctional officers, about the death threats against him but the defendants ignored his pleas to be moved into protective custody.

19. As a result of the Diorio's ignored pleas by the defendants, Diorio became extremely depressed and began to exhibit the behaviors of suicidal ideation which were additionally ignored by the defendants.

20. On May 14, 2014, Joseph Diorio either commited suicide or was murdered by inmates to which unknown correctional officers conspired amongst themselves, or with those inmates who committed the murder, to make Diorio's death appear to be suicide.

## COUNT I
## PLAINTIFF, DOMINIQUE DIORIO ADMINISTRATRIX OF THE ESTATE OF JOSEPH DIORIO vs. DEFENDANTS LAUREL HARRY, SHAWN KEPHART, BARRY SMITH AND UNKNOWN CORRECTIONAL OFFICERS DELIBERATE INDIFFERENCE TO THE NEED FOR PRECAUTIONS AGAINST SUICIDE AND FAILURE TO PROVIDE INMATE PROTECTION UNDER THE 8TH AMENDMENT

21. The allegations contained previously are incorporated herein as though fully set forth at length.

22. At all times relevant hereto, Diorio was an inmate at SCI Camp Hill.

23. At all times relevant hereto Harry was the Superintendent of SCI Camp Hill.

24. While Diorio was an inmate at SCI Camp Hill, defendant Harry became aware of Diorio's pleas, told to numerous prison officials, about the death threats against him and his request to be moved into protective custody.

25. Although aware of the above mentioned threats, Harry was deliberately indifferent to Diorio's threatened status by failing to take action to initiate, in a timely and appropriate manner, Diorio's above mentioned requests for protective custody.

26. Additionally while being deliberately indifferent and ignoring the previously mentioned protective custody requests by Diorio, Harry allowed Diorio to be placed in the general prison population while being well aware that Diorio's protective and mental health status would likely deteriorate resulting in either the suicide or the murder of Diorio.

27. The conduct of Harry constitutes deliberate indifference to the protective and mental health needs of Diorio thus violating his civil rights and rights under the 8th Amendment resulting in the injuries, damages and death of Diorio. In addition to compensatory damages, Diorio requests punitive damages.

28. At all times relevant hereto Kephart was a Deputy Superintendent of SCI Camp Hill in charge of inmate Security.

29. While Diorio was an inmate at SCI Camp Hill, defendant Kephart became aware of Diorio's pleas told to numerous prison officials, about the death threats against him and his request to be moved into protective custody.

30. Although aware of the above mentioned threats, Kephart was deliberately indifferent to Diorio's threatened status action by failing to take action to initiate,

in a timely and appropriate manner, Diorio's above mentioned requests for protective custody.

31. Additionally while being deliberately indifferent and ignoring the previously mentioned protective custody requests by Diorio, Kephart allowed Diorio to be placed in the general prison population while being well aware that Diorio's protective and mental health status would likely deteriorate resulting in either the suicide or the murder of Diorio.

32. The conduct of Kephart constitutes deliberate indifference to the protective and mental health needs of Diorio thus violating his civil rights and rights under the 8th Amendment resulting in the injuries, damages and death of Diorio. In addition to compensatory damages, Diorio requests punitive damages.

33. At all times relevant hereto Smith was a Deputy Superintendent of SCI Camp Hill in charge of inmate Security.

34. While Diorio was an inmate at SCI Camp Hill, defendant Smith became aware of Diorio's pleas told to numerous prison officials, about the death threats against him and his request to be moved into protective custody.

35. Although aware of the above mentioned threats, Smith was deliberately indifferent to Diorio's threatened status action by failing to take action to initiate, in a timely and appropriate manner, Diorio's above mentioned requests for protective custody.

36. Additionally while being deliberately indifferent and ignoring the previously mentioned protective custody requests by Diorio, Smith allowed Diorio to be placed in the general prison population while being well aware that Diorio's

protective and mental health status would likely deteriorate resulting in either the suicide or the murder of Diorio.

37. The conduct of Smith constitutes deliberate indifference to the protective and mental health needs of Diorio thus violating his civil rights and rights under the 8th Amendment resulting in the injuries, damages and death of Diorio. In addition to compensatory damages, Diorio requests punitive damages.

38. At all times relevant hereto defendants "Officers" were correctional officers at SCI Camp Hill in charge of inmate Security.

39. While Diorio was an inmate at SCI Camp Hill, defendants "Officers" became aware of Diorio's pleas told to numerous prison officials, about the death threats against him and his request to be moved into protective custody.

40. Although aware of the above mentioned threats, defendants "Officers were deliberately indifferent to Diorio's threatened status action by failing to take action to initiate, in a timely and appropriate manner, Diorio's above mentioned requests for protective custody.

41. Additionally while being deliberately indifferent and ignoring the previously mentioned protective custody requests by Diorio, defendants "Officers" allowed Diorio to be placed in the general prison population while being well aware that Diorio's protective and mental health status would likely deteriorate resulting in either the suicide or the murder of Diorio.

42. The conduct of defendants "Officers constitutes deliberate indifference to the protective and mental health needs of Diorio thus violating his civil rights and

rights under the 8th Amendment resulting in the injuries, damages and death of Diorio. In addition to compensatory damages, Diorio requests punitive damages.

43.

### COUNT II
### PLAINTIFF, DOMINIQUE DIORIO ADMINISTRATRIX OF THE ESTATE OF JOSEPH DIORIO vs. DEFENDANTS LAUREL HARRY, SHAWN KEPHART AND BARRY SMITH
### FAILURE TO TRAIN, SUPERVISE, DISCIPLINE AND INSTITUTE POLICY AND PROCEDURE UNDER MONELL

44. The allegations contained previously are incorporated herein as though fully set forth at length.

45. At all times relevant hereto, Diorio was an inmate at SCI Camp Hill.

46. At all times relevant hereto, the above mentioned defendants were employed by the State of Pennsylvania as Superintendents thus being responsible for the training, supervision, and discipline of "Unknown Correctional Officers" of the Department of Corrections for the State of Pennsylvania at SCI Camp Hill.

47. Defendants Harry, Kephart and Smith as a matter of policy, practice and deliberate indifference, failed to institute any directives to protect Diorio, and other inmates, from death threats and or suicidal ideation.

48. Defendants Harry, Kephart and Smith as a matter of policy and practice failed to train, supervise, and/or discipline "Unknown Correctional Officers" who violated the rights of inmates including "Diorio" thus encouraging these "Unknown Correctional Officers" to engage in the unlawful and actionable conduct of being deliberately indifferent and willfully ignoring the suicidal ideation and or physical threats against Diorio thus leaving Diorio woefully unprotected in the prison and subject to death by murder or suicide.

49. Defendants Harry, Kephart and Smith were on actual notice of a need to institute a policy to train, supervise, and/or discipline "Unknown Correctional Officers" prior to the incident in question as a result to other similar incidents occurring in the past in which inmates were woefully unprotected from suicidal ideation or physical threats that resulted in bodily injury or death.

50. Defendants Harry, Kephart and Smith's failure to train, supervise, and/or discipline caused the acts of deliberate indifference to the denial of Diorio's right to protection from suicide and or murder under the 8th Amendment committed by the Unknown Correctional Officers and or other inmates resulting in injuries, pain and death to Diorio.

### COUNT III
### PLAINTIFF, DOMINIQUE DIORIO ADMINISTRATRIX OF THE ESTATE OF JOSEPH DIORIO vs. DEFENDANTS LAUREL HARRY, SHAWN KEPHART, BARRY SMITH AND UNKNOWN CORRECTIONAL OFFICERS
### CONSPIRACY TO IGNORE AND "COVER UP" THE CONTINUED THREATS OF INMATE PHYSICAL HARM TO DIORIO

51. The allegations contained previously are incorporated herein as though fully set forth at length.

52. Administratix, Dominique Diorio, avers that she was the wife of Diorio, and was his wife on May 14, 2014.

53. The above mentioned defendants conspired to ignore the continued physical threats, by other inmates, to Diorio, by willfully and deliberately ignoring Diorio's pleas for protective custody.

54. The above mentioned defendants conspired to ignore the continued physical threats, by other inmates, to Diorio, by willfully and deliberately falsifying the

circumstances of Diorio's death to make it look like Diorio committed suicide which ratified defendants' conspiracy.

55. The above defendants were recklessly indifferent to the fact that Diorio was under constant physical threat by other inmates at SCI Camp Hill and thus deliberately ignored or falsified the numerous written and oral pleas by Diorio for protective custody. The above mentioned defendants participated in a conspiracy which ratified a "cover-up" of the death of Diorio.

## COUNT IV
## PLAINTIFF, DOMINIQUE DIORIO ADMINISTRATRIX OF THE ESTATE OF JOSEPH DIORIO, SANTO DIORIO AND GIUSEPPINA DIORIO vs. DEFENDANTS LAUREL HARRY, SHAWN KEPHART, BARRY SMITH AND UNKNOWN CORRECTIONAL OFFICERS WRONFUL DEATH ACTION

56. The allegations contained previously are incorporated herein as though fully set forth at length.

57. Diorio, left surviving him the following person entitled to the recovery of damages for his death and on his behalf this action is brought, Santo Diorio, son, Giuseppina Diorio, a daughter and Dominique Diorio, wife.

58. By reason of the death of Diorio, the above mentioned individuals have suffered pecuniary loss.

59. Plaintiff, Dominique Diorio has additionally incurred funeral expenses.

60. Diorio did not bring an action for his personal injury during his lifetime and no other action on behalf of Diorio has been commenced against the defendants.

61. The plaintiff, Dominique Diorio, was duly appointed Administratrix of the Estate of Diorio on May 5, 2014 by the register of Wills of Philadelphia County and

brings this action by virtue of the ACT of 18 55 L.B. 309 as Amended in the Pennsylvania Rules of Civil Procedure, 2202(a).

### COUNT V
### PLAINTIFF, DOMINIQUE DIORIO ADMINISTRATRIX OF THE ESTATE OF JOSEPH DIORIO, SANTO DIORIO AND GIUSEPPINA DIORIO vs. DEFENDANTS LAUREL HARRY, SHAWN KEPHART, BARRY SMITH AND UNKNOWN CORRECTIONAL OFFICERS
### SURVIVAL ACTION

62. The allegations contained previously are incorporated herein as though fully set forth at length.

63. "Administratrix" also brings this action on behalf of the Estate of Joseph Diorio, deceased, under and by virtue of the Probate Estate and Fiduciary Code Pa.C.S. 3773.

64. "Administratrix" claims on behalf of the estate, the damages suffered by the estate by reason of the death of the decedent, Joseph Diorio, as well as for the pain and suffering that the decedent underwent prior to his death.

65. "Administratrix" requests compensatory and punitive damages against all defendants.

### DAMAGES

66. The allegations contained previously are incorporated herein as though fully set forth at length.

67. As a result of the conduct previously alleged as to all defendants, Diorio, sustained severe personal injuries including but not limited to multiple bruises and contusions of the body, complex neck lacerations and death on May 24, 2014.

68. The Administratrix, makes claims under Wrongful Death and Survival Actions and requests compensatory and punitive damages as to all defendants.

## ATTORNEY FEES

69. It was necessary for Plaintiff, Dominique Diorio, as Administratrix, to hire the under-signed attorney to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

70. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

## DEMAND FOR JURY TRIAL

71. The Administratrix asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

**WHEREFORE**, Dominique Diorio, as Administratrix of the Estate of Joseph Diorio demands judgment against defendants individually, jointly and/or in the alternative for compensatory damages, punitive damages, attorney fees, interest and costs of suit in an amount in excess of $150,000.00 and such relief as the Court may deem just and equitable.

Respectfully submitted;

OXMAN GOODSTADT KURITZ, P.C.

JOSEPH OXMAN, ESQUIRE
Attorney for Plaintiffs

## **VERIFICATION**

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_Dominique DiOrio_
PLAINTIFF